UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL C. PATILLO,

       Plaintiff,

       v.

HOUSTON SHIPPING, INC., ACE AMERICAN INSURANCE CO., AND DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS,

       Defendants.

Case No. 3:13-CV-01489-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Daniel C. Patillo, representing himself, filed this action in Multnomah County Circuit Court, Case No. 1307-10542, against his former employer, Houston Shipping, Inc., for physical, psychological and emotional damages suffered in 1988 as a result of a work-related accident while performing ship repairs. Patillo filed an Amended Complaint (docket #1-1) on August 8, 2013, naming two other defendants, Ace American Insurance Co. (presumably an insurer for Houston Shipping, Inc.) and the Director for the Office of Workers Compensation Programs ("OWCP Director"). The OWCP Director removed the case to this court on August 23, 2013,

1 – FINDINGS AND RECOMMENDATION

pursuant to 28 USC 1442(a)(1) on the basis that the United States Department of Labor (presumably the agency which employs the OWCP Director) is an agency of the United States government.

An attorney appeared briefly on behalf of Patillo and filed a Notice of Voluntary Dismissal (docket #8). However, after being fired by Patillo for acting without authority, that attorney withdrew (dockets #10 & #11), and this court granted Patillo's request to withdraw the Notice of Voluntary Dismissal (dockets #19 & #20).

The Director has filed a Motion to Dismiss (docket #13) pursuant to FRCP 12 for failure to state a claim and lack of subject matter jurisdiction. Patillo has not filed any response to that motion. For the following reasons, that motion should be granted.

## **STANDARDS**

Pursuant to FRCP 12(b)(1), the court may dismiss a case for lack of subject-matter jurisdiction. To determine whether it has jurisdiction, FRCP 12(d) allows the court to consider "matters outside the pleadings" without converting the motion into one for summary judgment under FRCP 56. *See Osborn v. United States*, 918 F2d 724, 729 (8th Cir 1990) ("Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim . . . [but not to] subject matter jurisdiction where a factual record is developed.") Patillo bears the burden of proving that the court has subject matter jurisdiction. *Prescott v. United States*, 973 F2d 696, 701 (9th Cir 1992) ("plaintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity").

When a motion to dismiss for lack of jurisdiction is filed in conjunction with other motions to dismiss under FRCP 12, the court normally considers the issue of jurisdiction first. Doing so prevents a court without subject matter jurisdiction from prematurely dismissing a case

2 – FINDINGS AND RECOMMENDATION

with prejudice. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 US 422, 430-31 (2007); *Potter v. Hugh*, 546 F3d 1051, 1056 n2 (9th Cir 2008).

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). To meet this standard and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (emphasis added), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). A plausible claim "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 US at 555.

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F3d 777, 783 (9th Cir 2012). In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions that are attached to or incorporated by reference into the complaint, as well as matters capable of judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016 n9 (9th Cir 2012); *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir 2010). In resolving the motion to dismiss, the court may consider all of these documents and need not accept as true allegations in the complaint that contradict these sources. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F3d 992, 998 (9th Cir 2010).

///

///

///

3 – FINDINGS AND RECOMMENDATION

**FINDINGS**

**I.	Background**

The OWCP Director has submitted documents to fill in the factual gaps of the Amended Complaint.  According to those documents, Patillo's 1988 injury occurred onboard a ship in the navigable waters of the United States.  Therefore, it was covered under the Longshore and Harbor Workers' Compensation Act, as amended, 33 USC § 901 *et seq* ( "LHWCA").

Pursuant to 33 USC § 919(d), a hearing was held before an Administrative Law Judge ("ALJ") who issued an Order dated December 1, 1995, finding that Patillo was entitled to permanent and total disability and awarding benefits against the employer and its officers in their personal capacity.  Silver Decl., Ex. 1.  Houston Shipping and the officers defaulted on payment of the compensation order, and the United States Department of Labor's ("DOL") Office of Workers' Compensation Programs ("OWCP") Division of Longshore and Harbor Workers' Compensation ("DLHWC") utilized its discretion under § 18(b) of the Act, 33 USC § 918(b), and paid Patillo compensation due under the order out of assets of the Special Fund, established by 33 USC § 944.  *Id*, Ex. 4, pp. 1-2.  OWCP paid all compensation due under the order, for a total of $272,884.45 as of September 20, 2011.  *Id*, p. 2.

On January 25, 1996, Patillo, who was represented by an attorney, filed a lawsuit in this court, *Patillo v. Cumberland Farms, Inc.*, Civil No. 96-130-JE, against the owners of the vessel, Cumberland Farms, Inc., Boston Ocean Carrier, Inc., Belmont VLCC II, Inc., and Demetrius B. Haseotes.  *Id*, Ex. 2, pp. 4-16.  That lawsuit alleged various claims of negligence related to his 1988 accident and sought over $25 million in damages.  *Id*.  That case was ultimately dismissed with prejudice for failure to prosecute.  *Id*, pp. 1-3.

On July 27, 1998, Patillo filed another lawsuit in Multnomah County Circuit Court, Case No. 98-7-05547, this time alleging legal malpractice by his attorney who represented him in the 1996 lawsuit and seeking unpaid medical expenses against the DOL. *Id*, Ex. 3, pp. 4-27. One month later, on August 25, 1998, Patillo voluntarily dismissed that case. *Id*, pp. 1-3.

On October 12, 2011, OWCP and Patillo settled the administrative action pursuant to 33 USC § 908(i) on a lump sum basis. *Id*, Ex. 4. The parties agreed that OWCP would not pursue whether Patillo was now capable of suitable alternative employment and, in exchange, Patillo would accept a lump sum from the Special Fund of $140,000.00 to settle his claim. Paragraph 7 of the agreement specifically states that "this payment shall satisfy all the compensation to which the employee is entitled, whether for temporary or permanent disability, under the Act for the above-described injuries." In addition, in paragraph 9, the parties "intend this settlement to include all claims that could be asserted by this employee . . . that result from any injury or illness arising out of or in any way connected with the accident of October 28, 1988." OWCP also agreed in paragraph 8 to continue to "provide medical care and treatment for the direct and proximate results of this injury."

## II.   LHWCA

The LHWCA provides employment-injury and disease protection to individuals who are injured or contract occupational diseases in the course of employment on the navigable waters of the United States, or in certain adjoining areas. The LHWCA provides compensation for those injuries that result in disability as well as medical treatment for conditions related to the injury. These benefits are paid directly by an authorized self-insured employer or through an authorized insurance carrier. 33 USC §§ 904(a), 932(a). In cases involving employer insolvency and/or bankruptcy, a special fund administered directly by OWCP's DLHWC may, at the agency's

discretion, pay the benefits that would otherwise be due from the employer or insurer. 33 USC § 918(b). The LHWCA is the exclusive remedy that an injured employee has against its employer. 33 USC § 905(a).

The LHWCA also provides that the parties may, at any time, enter into a settlement which "shall discharge the liability of the employer or carrier, or both. Settlements may be agreed upon at any stage of the proceeding including after entry of a final compensation order." 33 USC § 908(i)(3). A settlement may resolve liability solely for disability compensation, solely for medical benefits, or for both. 20 CFR § 702.243(d).

### III.  Analysis

Although the Amended Complaint is difficult to decipher, Patillo clearly seeks damages against Houston Shipping, Inc. for his pain and suffering as a result of his 1988 accident. He appears to also allege that the DOL was somehow negligent in the medical care that he received for the injuries suffered in that same accident or failed to pay him all of the benefits to which he is entitled. Assuming that he also seeks the same damages against the OWCP Director for that negligence, then he is bringing a claim against the United States. This court lacks subject matter jurisdiction over such a claim.

The United States, including its agencies and employees, as a sovereign is immune from suit except as it consents to be sued. *United States v. Sherwood*, 312 US 584, 586 (1971); *Marshall Leasing, Inc. v. United States*, 893 F2d 1096, 1098 (9th Cir 1990) ("The United States is immune from suit unless it has consented to be sued, and the terms of its consent to be sued in any court define the jurisdiction of that court to entertain the suit."). It has waived that sovereign immunity for certain claims brought pursuant to the Federal Tort Claims Act ("FTCA"). *United States v. Orleans*, 425 US 807, 813 (1976); *Adams v. United States*, 420 F3d 1049, 1051 (9th Cir

2005).  The FTCA grants jurisdiction to federal courts over claims against the United States for damages for personal injury, property damage, or death caused by the negligent or wrongful act or omission of a government employee acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred.  28 USC § 1346(b).

However, the FTCA provides that a lawsuit may not be brought against the United States unless the plaintiff has first exhausted his or her administrative remedies.  28 USC § 2675.  Thus, before filing suit, a plaintiff must first present a claim to the appropriate federal agency, and the federal agency must deny the claim.  28 USC § 2675(a).  "The purpose of the FTCA administrative claim procedure is to encourage administrative settlement of claims against the United States and thereby prevent an unnecessary burdening of the courts."  *Brady v. United States*, 211 F3d 499, 503 (9th Cir 2000), *cert. denied*, 531 US 1037 (2000) (citations omitted).  Unless a claimant first presents an administrative claim to the appropriate federal agency, courts have no jurisdiction to entertain suits under the FTCA.  *Id*.

According to the DOL's records, Patillo failed to file an administrative claim with the DOL prior to filing this suit in state court in August 2013.  Carter Decl., ¶ 3.  Thus, to the extent he seeks damages against the OWCP Director under the FTCA, this court has no subject matter jurisdiction.

In any event, any claim by Patillo against the OWCP is contractually barred.  Under the terms of his 2011 settlement agreement with the OWCP, Patillo cannot bring any suit that can be in any way connected to the 1988 accident.  The Amended Complaint specifically cites this accident as the initial cause of all his current medical conditions.  Because all of Patillo's claims

7 – FINDINGS AND RECOMMENDATION

against the OWCP Director arise out of, or are connected with, the 1988 accident, those claims were released when he signed the 2011 settlement agreement.

No amendment can cure the defects based on lack of jurisdiction and the contractual bar. Therefore, any claims against the OWCP Director should be dismissed with prejudice.

## RECOMMENDATION

For the reasons set forth above, Defendant Director, Office of Worker' Compensation Programs Motion to Dismiss (docket #13) should be GRANTED and all claims against that defendant should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, January 03, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED December 17, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge