IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL C. PATILLO**,

        Plaintiff,

      v.

**HOUSTON SHIPPING, INC.,
ACE AMERICAN INSURANCE CO., and
DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS**,

        Defendants.

No. 3:13-cv-01489-ST

OPINION AND ORDER

**MOSMAN, J.**,

On December 17, 2013, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") [25] in the above-captioned case, recommending that the motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction [13] be GRANTED, and the proceeding dismissed with prejudice. Plaintiff did not object to the F&R.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Stewart's recommendation pertaining to the Rule 12(b)(1) motion to dismiss [13] for lack of subject-matter jurisdiction. (F&R [25] at 6–7.) Therefore, I ADOPT that portion of the F&R as my own opinion. However, I find that I cannot adopt the alternative finding that Mr. Patillo's claim is contractually barred. *Id.* at 7. The settlement agreement between Mr. Patillo and the Office of Workers' Compensation Programs is not contained in the pleadings, nor is it available in the public record. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). At this phase of the proceeding, consideration of the settlement agreement may very well require converting the alternative Rule 12(b)(6) motion to dismiss [13] into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). In any event, this Court lacks subject-matter jurisdiction over Mr. Patillo's claim, and I need not reach the alternative finding that the claim is contractually barred.

Finally, I agree with Judge Stewart's recommendation that Mr. Patillo's claim against the Director be dismissed with prejudice. (F&R [25] at 8.) First, amending the complaint will not cure the jurisdictional defect, and this Court will continue to lack subject-matter jurisdiction. Second, Mr. Patillo has had ample opportunity to plead his best case. Two lawsuits concerning

this matter have previously been filed and dismissed, *id.* at 4–5, and the current complaint has already been amended once in state court, *id.* at 1. Therefore, Defendant Director, Office of Workers' Compensation Programs's Rule 12(b)(1) motion to dismiss [13] is GRANTED, and all claims against the Director are dismissed with prejudice.

IT IS SO ORDERED.

DATED this   3rd   day of February, 2014.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
United States District Judge